OZELIA M. PERKINS v. TENNYSON PERKINS

SUPERIOR COURT          NEW LONDON COUNTY          FILE No. 17552

Memorandum filed August 9, 1950.

*George C. Morgan,* of New London, for the Plaintiff.

*Morris Lubchansky,* of New London, for the Defendant.

DALY, J. The plaintiff, who is seventy-three years of age, is the mother of the defendant. On November 14, 1944, she transferred to him premises located in the town of East Lyme, consisting of a dwelling house, a barn, small buildings, and about eighty acres of land. She claims that the defendant paid her nothing for the property but agreed to give her the use, income and benefits of the property during her life and agreed to furnish her adequate and reasonable support for the rest of her natural life. She also says that the defendant refuses to give her the use, income and benefits of the property and threatens to sell the same. The action was brought in February, 1947.

From the evidence it appears that just prior to the time of the transfer the plaintiff had received the property back from another son to whom she had previously transferred it. The defendant says that she had no money and would have lost it sooner or later and that she asked him to take it over because of her financial condition. The plaintiff would in all probability have lost it.

As requested by the attorneys I visited the property. The first floor "apartment" of the house is not habitable. It is in an indescribably filthy condition and is out of repair. I do not understand how the plaintiff could have lived in it. The word "eerie" does not begin to define it. The second floor is not only habitable but very neat and clean, apparently due to the efforts of the defendant and his wife.

The premises do include many acres of land. The property is on a street which terminates close to the business center of the village of Niantic. However, the property is far removed from that center and it will be many years before it will have any additional value because of its location.

In the deed, the consideration is stated to be "One Dollar ($1.00) and other valuable considerations." Counsel for the defendant objected to the introduction of evidence of the agreement claimed by the plaintiff to have been made at the time she conveyed the premises to the defendant. In objecting he stated that he did so on the theory that he had a right to rely on the deed. If the deed had stated that the consideration was "One Dollar ($1.00)" then I would agree that the plaintiff should not be permitted to offer evidence of any other consideration. However, here the deed did contain the words "and other valu-

able considerations." The promise of the defendant constituted the "other valuable considerations." Now we get to the question of what the defendant's promise was. In substance it was that he would support the plaintiff during her life. This was no more than he was required to do by the law of this state and moral and natural laws. Notwithstanding that, the issues raised by the pleadings in this case must be decided.

When the plaintiff executed the deed to the defendant she lived in the apartment on the first floor of the dwelling house upon the premises in question. Her daughter Evelyn, the sister of the defendant, lived with her. Evelyn's boy lived there. The agreement made by the defendant was not to the effect that he would support Evelyn and her son. In fact, the defendant did not want Evelyn and her son to live on the property. It is difficult to imagine greater ill feeling by members of a family towards another member of the family than that shown Evelyn by members of the Perkins family, including the defendant, his wife and the widow of James, the deceased son of the plaintiff. No useful purpose can be had by a lengthy recital of the evidence on this score.

Whether or not there was any excuse for their attitude and conduct is not a question of importance in this decision. The plaintiff refused to abandon her daughter and grandson. However, as stated above, under the agreement claimed by her, the defendant was not required to support Evelyn and her son. What the plaintiff did in this respect might be expected of a mother and her loyalty to her daughter and grandson is deserving of praise. It clearly illustrates her humane character. Nevertheless she is not permitted to impose upon the defendant the additional burden of providing a place for Evelyn and her son to live. The agreement did not require him to furnish them with support in any other respect. The plaintiff removed from the premises because the defendant refused to take on these added burdens.

I cannot and do not find that the defendant agreed to give to the plaintiff "the use, income and benefits" of the property during her natural life. The defendant has made the monthly payments on the mortgage upon the premises. He has also paid the taxes. He has expended money and supplied the labor in repairing the buildings and increasing the value of the premises.

Upon the evidence I am required to find and do find the issues for the defendant. Judgment is rendered accordingly. No costs will be taxed.